UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM J. KREHER,

Plaintiff,

-vs-

ALTERRA HEALTH CARE CORPORATION,

Defendant.

05-CV-0369E(Sc)

MEMORANDUM

and

ORDER[1]

---

Plaintiff William J. Kreher ("Kreher") originally commenced this action in New York State Supreme Court, Erie County, alleging that Alterra Health Care Corporation ("Alterra") unlawfully terminated his employment at Alterra's Wynwood of Kenmore adult care facility on the basis of his age and gender in violation of the New York State Human Rights Law, N.Y. Exec. Law §296, and improperly failed to pay him for wages earned in violation of the New York State Labor Law, N.Y. Lab. Law §190. On May 24, 2005 Alterra removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332. On June 2, 2005 Kreher filed this motion to remand the action to state court for lack of subject matter jurisdiction. Alterra filed an opposition to the motion to remand on July 6, 2005 and Kreher filed reply papers on July 13, 2005. The motion was argued and submitted on July 15, 2005.

---

[1]This decision may be cited in whole or in any part.

When a party challenges the propriety of the removal of a case to federal court, the burden remains on the party who removed the case to demonstrate that the federal court has subject matter jurisdiction over the case. *California Pub. Employees' Retirement Sys.* v. *WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004), *cert. denied sub nom*. *California Pub. Employees' Retirement Sys.* v. *Ebbers*, ___ U.S. ___, 125 S.Ct. 862 (2005). If subject matter jurisdiction is lacking, the case must be remanded. 28 U.S.C. §1447(c). The federal court has subject matter jurisdiction over a removed case if it had original jurisdiction over claims therein on the basis of federal question or diversity jurisdiction. 28. U.S.C. §§1331, 1332.

In determining whether diversity jurisdiction exists, the Court looks at whether the parties are of diverse citizenship and whether there is a reasonable probability that the matter in controversy meets or exceeds the jurisdictional threshold of $75,000. *Tongkook Am.* v. *Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994). The burden remains on the party advocating federal jurisdiction — hereto Alterra — to show by a "reasonable probability" that the amount in controversy exceeds the jurisdictional threshold. *Ibid.* To determine the amount in controversy, the Court aggregates plaintiff's claims and includes reasonable attorney's fees if provided for by statute. *See Snyder* v. *Harris*, 394 U.S. 332, 335 (1969) ("Aggregation has been permitted *** in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant.").

"Generally, for purposes of diversity jurisdiction, the amount in controversy is established as of the date of the complaint [or notice of removal] and is not reevaluated based on post-filing events." *Hall* v. *EarthLink Network, Inc.*, 396 F.3d 500, 506 (2d Cir. 2005). However, the amount in controversy includes damages that accrue past the date of removal if the statute governing liability allows for such recovery in a single action. *See Aetna Cas. & Surety Co.* v. *Flowers*, 330 U.S. 464, 467-468 (1947) (holding that future benefits can be included if they are recoverable in a single action but not where "judgment [can] be entered only for the installments due at the commencement of the suit"); *cf. Pollock* v. *Trustmark Ins. Co.,* 367 F. Supp.2d 293, 299-300 (E.D.N.Y. 2005) (holding that contract installments not yet due at the time the action was filed were not part of the amount in controversy because state law dictated that judgment may be entered only for installments due at the commencement of the suit).

In opposing removal, Kreher does not dispute that there is diversity of citizenship between the parties. Rather, Kreher contends that the amount in controversy does not exceed the jurisdictional threshold of $75,000. Considering Kreher's Labor Law claims and Human Rights Law claims together reveals that the amount in controversy in this case does exceed the $75,000 jurisdictional threshold.

New York State Labor Law allows a plaintiff to recover unpaid wages, reasonable attorney's fees and an additional sum of twenty-five percent of the wages due if the employer is found to have willfully refused to pay. *See* N.Y. Lab. Law §198. New York State Human Rights Law allows the Court to "place a victim of unlawful discrimination in the position he would have been in absent the discrimination" by awarding back pay from the time of the unlawful termination to the date of the court's judgment. *See Shannon* v. *Fireman's Fund Ins. Co.*, 136 F. Supp.2d 225, 227-233 (S.D.N.Y. 2001). In an action under the Human Rights Law, back pay accruing after the date the action is filed is considered in determining whether there is a reasonable probability that the jurisdictional threshold is met. *See Brown* v. *Austrian Airlines*, 1997 WL 913334, at *7 (E.D.N.Y. 1997); *see also Goosens* v. *AT&T*, 2000 WL 33348222, at *2 (W.D. Tex. 2000) (jurisdictional amount was met when accruing damages would surpass $75,000 within one month from the date of the decision).

Kreher's first claim under the Labor Law is for $6,607.85 in wages due and an additional $1,651.96 penalty as authorized by N.Y. Lab. Law §191. Kreher's second Labor Law claim is for $9,060.73 in bonuses for the fourth quarter of 2004. Reasonable attorney's fees are considered in determining the jurisdictional amount because they are expressly provided for by the Labor Law. *See* N.Y. Lab. Law §198. For purposes of this motion, the Court will accept Kreher's contention

that the reasonable attorney's fee for the Labor Law claims is $5,000. Therefore, Kreher's first two causes of action seek a sum of $22,320.54.

Kreher's third cause of action alleges age and gender discrimination in violation of the Human Rights Law and seeks accrued and accruing back pay consisting of Kreher's regular compensation and fringe benefits from the date of his termination — December 15, 2004 — to the date that he secures comparable employment or is reinstated to his position. To date, there is no evidence that either event has occurred.[2] Kreher's Complaint demands judgment for accrued back pay in the "sum of $14,517.43, being regular compensation for December 16, 200[4], through April 15, 2005, plus $1,083.39 per week thereafter, plus fringe benefits and bonuses."[3] Back pay accruing through the present time until the date of judgment is added to the amount for jurisdictional purposes because Kreher's Complaint properly requests such relief under the Human Rights Law. *See Brown,* at *7. Kreher's back pay will be calculated on the basis of his regular weekly compensation of $1,083.39 (for 7 days) and paid vacation time and bonuses comparable to that which he received in 2004. Kreher's daily rate of pay

---

[2] At oral argument, Kreher's counsel cryptically remarked that Kreher is working, but counsel made no argument that such employment reduces or eliminates the accrual of back pay, nor did counsel provide Kreher's affidavit in support of the motion to remand attesting to such employment.

[3] The Complaint refers to December 16, 2006, but the Court presumes the reference to 2006 to be a typographical error.

is approximately $154.77. Kreher's daily accrual of bonuses, based on his claim of a 2004 bonus of $3,900 per quarter, is approximately $42.74. Finally, Kreher's vacation pay accrues at an approximate daily rate of $16. These figures combine for an approximate daily rate of $213. At that rate, the jurisdictional threshold will be exceeded by the accrual of approximately 247 days of back pay.[4] The 247th day after December 15, 2004 was August 19, 2005. Therefore, the Court finds that the amount in controversy exceeds the $75,000 jurisdictional threshold and therefore the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §1332.

Accordingly, it is hereby **ORDERED** that Kreher's motion to remand this action to state court is denied.

DATED: Buffalo, N.Y.

September 13, 2005

/s/ John T. Elfvin

JOHN T. ELFVIN
S.U.S.D.J.

---

[4]Even considering that the demand in the Complaint for lost wages for the period December 16, 2004 to April 15, 2005 is limited to $14,517.43, which corresponds to an approximate daily rate of $120, when combined with the further accrual of back pay of $154 daily and bonuses and vacation pay, the jurisdictional threshold was exceeded in early September, 2005.